IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WADDELL MCCOLLUM and         )
LENA MCCOLLUM,               )
                             )
          Plaintiffs,        )
                             )
    v.                       )    1:17CV965
                             )
HUBERT PETERKIN, TIMOTHY RUGG,)
SAMUEL MORANT, TIMOTHY       )
KAVANAUGH, STANLEY DAVIS,    )
HOKE COUNTY, and             )
JOHN DOES #1-5, in their     )
individual capacities,       )
                             )
          Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiffs Waddell McCollum and Lena McCollum ("Plaintiffs" or "Mr. McCollum" or "Ms. McCollum"), proceeding pro se, filed this Complaint on October 23, 2017, naming as Defendants Hoke County and certain individuals in their individual capacities: Hubert Peterkin, Timothy Rugg, Samuel Morant, Timothy Kavanaugh, Stanley Davis, and John Does #1-5. (Doc. 2.) Summonses were issued, (Doc. 5), and served on Hoke County, Kavanaugh, Peterkin, and Rugg, (Doc. 7). These Defendants responded by moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) Plaintiffs have responded, (Doc. 15), and

Defendants have replied, (Doc. 16). Also before the court are a Motion for Joinder Multiple Plaintiffs, (Doc. 3), and Motion Requesting the Court to Order Disclosure, (Doc. 14). Defendants have not responded to either of these motions. These matters are now ripe for ruling, and this court finds Defendants' motion to dismiss should be granted because Plaintiffs' claims are time barred.[1] This court will order further briefing on how dismissal of Plaintiffs' claims affects the motion for joinder.

I. **BACKGROUND**

The allegations of Plaintiffs' Complaint, taken as true, state the following: On October 19, 2014, Defendants Kavanaugh and Davis arrested Plaintiffs' son, Robert Lewis, in front of

---

[1] The Complaint names as Defendants Davis and Morant, and a summons was issued but returned unexecuted for these individuals. (Doc. 8.) If a defendant is not served within ninety days after a complaint is filed, this court must dismiss the action against that defendant after notice to the plaintiff, unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m).

Additionally, this court shall "dismiss an in forma pauperis case at any time the court determines the action . . . fails to state a claim upon which relief may be granted[.]" See Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1915(e)(2)(B)). Because Plaintiffs' claims are time barred, Plaintiffs fail to state a claim. Therefore, service on Defendants Davis and Morant, as well as John Does #1-5, would be futile, and the action will be dismissed without prejudice to these Defendants without further notice to Plaintiffs.

- 2 -

Plaintiffs' home. (Complaint ("Compl.") (Doc. 2) at 10.)[2] After Lewis was taken into custody, additional officers arrived to the residence. (Id. at 12.) Mr. and Ms. McCollum, both diabetics, were not allowed to enter their house for several hours and then only after imploring the officers to let them enter to check their blood sugars. (Id. at 11-13.) Eight and a half hours after the warrantless search and seizure of the home began, Defendant Rugg and Detective William Tart arrived with a search warrant, which was ordered "without just cause." (Id. at 12-13.) Plaintiffs bring a § 1983 claim for Fourth Amendment violations and a common law trespass claim stemming from the search and seizure of their home, seeking compensatory as well as punitive damages. (Id. at 9, 16.)

## II. LEGAL STANDARD

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), alleging that the claims are facially barred by the applicable statute of limitations. (Mem. of Law in Support of Mot. to Dismiss ("Defs.' Br.") (Doc. 10) at 2.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, liberal construction of a pro se complaint does not "undermine Twombly's requirement that a pleading contain 'more than labels and conclusions[.]'"

Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citation omitted).

A statute of limitations defense is characterized as "an affirmative defense, which can be the basis of a motion to dismiss under Rule 12(b)(6)." Dickinson v. Univ. of N.C., 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (citing Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)). For a statute-of-limitations defense to succeed "at this stage, all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" Id. (citing Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007).

**III. ANALYSIS**

Moving Defendants seek to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted because it is facially barred by the applicable statute of limitations. ("Defs.' Br." (Doc. 10) at 2.)[3] Plaintiffs reply that their Complaint was filed "within the three-year statute of

---

[3] Moving Defendants also sought to dismiss the claim against Hoke County because "it is well-established [sic] under North Carolina law that an elected county sheriff is not an agent or employee of the county, such that a county cannot be held liable for any acts or omissions on the part of the sheriff or his/her deputies, employees, or agents." (Defs.' Br. (Doc. 10) at 5.) Plaintiffs agree with Defendants on this point, (Pls.' Br. (Doc. 15) at 2), and as a result, this court will dismiss Plaintiffs' claims against Hoke County.

limitations applicable to their claims" or, alternatively, was filed "within three years from the time that they knew or had reason to know of the injuries giving rise to their claims[.]" (Mem. of Law & Resp. to Defs. Mot. to Dismiss ("Pls.' Br.") (Doc. 15) at 2.)

"The statute of limitations for all § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury." Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66–67 (4th Cir. 2015) (citing Wilson v. Garcia, 471 U.S. 261, 275–80 (1985)). In North Carolina, § 1983 claims "are limited by 'the three-year period for personal injury actions set forth in [N.C. Gen. Stat.] § 1-52(5).'" Id. at 67 (citation omitted). Section 1-52's three-year period also governs claims for trespass, which accrues on the date of the trespass. See § 1-52(3) (stating that even if "the trespass is a continuing one, the action shall be commenced within three years from the original trespass, and not thereafter").

"Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law." Brooks v. City of Winston-Salem, 85 F.3d 178,

181 (4th Cir. 1996) (citing Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc)). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citation omitted).

"The accrual date for a claim alleging illegal entry and search is the date of entry of by the police." Hubbard v. Bohman, No. 1:11CV00716, 2013 WL 2645260, at *1 (M.D.N.C. June 11, 2013); see also Smith v. McCarthy, 349 F. App'x 851, 856-57 (4th Cir. 2009) (per curiam). When, as Plaintiffs allege, a search is also undertaken ostensibly pursuant to a search warrant that is later found to be defective, it is less settled when that claim accrues. Compare Belanus v. Clark, 796 F.3d 1021, 1026 (9th Cir. 2015) ("[A] cause of action for illegal search and seizure accrues when the wrongful act occurs, even if the person does not know at that time that the search was warrantless." (citations omitted)) and Craddock v. Fisher, Civil Action No. 3:12CV430, 2015 WL 1825720, at *4 (E.D. Va. Apr. 21, 2015) (holding that plaintiff's Fourth Amendment Bivens claims stemming from searches performed under allegedly defective warrant accrued on the dates of the searches) and Hill v. Simms, Civil Action No. 3:07-0349, 2010 WL 3852039, at *3 (S.D.W. Va.

Sept. 30, 2010) (holding that plaintiffs' claims based on defective search warrants "accrued at the time of the defective process, not when the Courts determined the process to be defective"), aff'd, 418 F. App'x 184 (4th Cir. 2011) (per curiam), with Adrian v. Selbe, 364 F. App'x 934, 937 (5th Cir. 2010) (holding that Bivens claim accrued on the date plaintiff "had actual knowledge . . . that [the affiant] allegedly lied in his affidavit") and Ganek v. Leibowitz, 167 F. Supp. 3d 623, 633 (S.D.N.Y. 2016) (holding that accrual started when affidavit containing officers' false statements in support of warrant was unsealed and accessed by plaintiffs), rev'd on other grounds, 874 F.3d 73 (2d Cir. 2017).

Here, Plaintiffs allege injuries arising from an illegal warrantless search and seizure of their home on October 19, 2014, (see Compl. (Doc. 2) at 10-12), such that reasonable inquiry would have revealed their cause of action, regardless of the late arrival of the search warrant. Although Plaintiffs allege not to have known certain facts about their injuries until later — namely, until April 14, 2015, when they received the Hoke County Sheriff's Department felony investigation report regarding Lewis's case purporting to state that the search was "without just cause," (see Pls.' Br. (Doc. 15) at 7; Pls.' Br. (Doc. 15-1) (attaching a cover sheet for the report)), —

Plaintiffs allegations show that they were sufficiently aware on October 19, 2014, of the harm done to them that day. Therefore, Plaintiffs' cause of action accrued on October 19, 2014.

"[T]he Federal Rules of Civil Procedure govern the commencement of . . . suit[s] [involving federal question jurisdiction] for purposes of tolling the state statute of limitations." Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991) (per curiam). "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. When computing a time period stated in days or longer, this court must "exclude the day of the event that triggers the period" and then "count every day[.]" Fed. R. Civ. P. 6(a)(1). The last day to timely file Plaintiffs' Complaint would have been October 19, 2017. Plaintiffs did not file their Complaint until October 23, 2017. Therefore, their claims are time barred.

Plaintiffs' Complaint and motion for joinder were mailed from Bertie Correctional Institution with a return sender labeled "Robert Dwayne Lewis." (See Compl. (Doc. 2-1).) The docketed envelope for the Complaint and motion are identical, (Compare Compl. (Doc. 2-1) with Mot. for Joinder Multiple Pls. ("Joinder Mot.") (Doc. 3-1)), and the envelope is initialed by a "Sgt." and dated October 19, 2017. For an incarcerated plaintiff proceeding pro se, an action is deemed filed "when the

[plaintiff] delivers his pleading to prison authorities for forwarding to the court clerk." Lewis, 947 F.2d at 735. There is no evidence Mr. McCollum and Ms. McCollum are incarcerated, and thus they may not benefit from the prisoner mailbox rule. However, the motion for joinder is signed by Lewis, alleges that Lewis's claim arises out of the same transaction or occurrence as the other Plaintiffs, and was sent by Lewis while incarcerated. (See Joinder Mot. (Doc. 3); Joinder Mot. (3-1).)

Defendants failed to respond to either this motion or Plaintiffs' motion for disclosure. Under Local Rule 7.3(k), failure to file a response within the required timeframe constitutes a waiver of the right to file such response, except upon a showing of excusable neglect. LR 7.3(k). "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Id.

This court strictly construes application of the Local Rules, and a party's uncontested motions ordinarily may be granted on procedural grounds. However, in light of this somewhat unusual situation, where the original Plaintiffs' claims have been dismissed, this court will take these two

motions under advisement pending further briefing by the parties as to how Lewis's motion for joinder affects this case.

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (Doc. 9), is **GRANTED,** and this action is hereby **DISMISSED WITH PREJUDICE** as to Defendants Hubert Peterkin, Timothy Rugg, Timothy Kavanaugh, and Hoke County.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as to Defendants Samuel Morant, Stanley Davis, and John Does #1-5, because Plaintiffs have failed to serve Defendants Morant, Davis, and John Does #1-5 and attempts to serve these Defendants would be futile based on the reasons outlined in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the parties each file a brief addressing the issues outlined above, including, inter alia, the effect, if any, of the dismissal of Plaintiffs' claims upon the motion to join, (Doc. 3), and the motion for disclosure, (Doc. 14), within twenty (20) days of this Memorandum Opinion and Order.

This the 3rd day of July, 2018.

/s/ William L. Osteen, Jr.
United States District Judge